IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv180

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| $4,700.00 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

Pending before the Court is the Government's Motion for Default Judgment [# 17]. This is an *in rem* civil forfeiture action brought by the Government pursuant to 18 U.S.C. § 881. The defendant property is $4,700.00 in United States Currency. The Government now moves the Court to enter default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and enter a final order of forfeiture pursuant to Rule 58. The Court **GRANTS** the Government's motion [# 17].

**I.    Background**

The Clerk issued a warrant for the arrest of the defendant property on July 31, 2012, pursuant to Supplemental Rule G(3)(b)(I) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental

1

Rules"). (Warrant for Arrest, Jul. 31, 2012.) The warrant was returned executed on September 11, 2012. (Process Receipt and Return, Sept. 11, 2012.) Meanwhile, the Government published the notice of this civil forfeiture action on www.forfeiture.gov for at least thirty consecutive days beginning on August 1, 2012, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules. (Decl. of Publication, Sept. 6, 2012.)

Attorney Brad Harrison Ferguson filed a claim against the property on September 5, 2012, for Claimant Jerimy Dayne Dennis. He then filed an Answer to the Complaint. The parties then stipulated to having this case heard by a United States Magistrate Judge.[1] Thereafter, Claimant Dennis withdrew his claim against the defendant property and relinquished any and all claims to the property. No other person or entity has filed a claim against the defendant property or answered the Complaint. Accordingly, the Clerk entered default on February 15, 2103. The Government now moves for the entry of default judgment in this case.

**II. Analysis**

The admitted factual allegations contained in the Complaint establish that the defendant property is subject to forfeiture. See Ryan v. Homecomings Fin.

---

[1] A United States Magistrate Judge may enter a default judgment in a forfeiture action where all of the parties that have appeared in the case consent to the jurisdiction of the Magistrate Judge. United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter a default judgment in a forfeiture action despite the fact that the property owner had not consented because he had not filed a claim and, thus, was not a party within the meaning of 28 U.S.C. § 636(c)(1)).

Network, 253 F.3d 778, 780 (4th Cir. 2001) (holding that a defaulting defendant is deemed to have admitted all of the well-plead factual allegations in the complaint). On March 8, 2012, an officer pulled over a pickup truck being driving by Claimant Dennis. Claimant Dennis did not have a valid North Carolina driver's license. Claimant Dennis consented to the search of the vehicle, which resulted in the discovery of a plastic bag twisted closed with a melted seal containing $4,700.00 in United States currency.

The currency, which was discovered in the center console of the vehicle, was in five separate rolls, each secured with ribbon. Four of the rolls contained $1000.00 and were secured with a black ribbon. The fifth roll contained $700.00 and was secured by a white ribbon. Inside the front passenger side of the pickup truck was also a clear plastic bag containing thirteen ziplock baggies. Inside the compartment of the driver's door was a clear plastic baggie with the bottom corners torn off. Several days later, a police canine reacted positively to the $4,700.00, which had been placed in an envelope and presented to the canine with two other envelopes containing currency. At the time of the traffic stop, Claimant Dennis was not employed.

The Court finds that the allegations in the Complaint are sufficient to establish probable cause for the belief that the currency at issue is proceeds

traceable to transactions and exchanges for controlled substances. See 21 U.S.C. § 881(a)(6); Boas v. Smith, 786 F.2d 605, 609 (4th Cir. 1986); United States v. $95,945.18, 913 F.2d 1106, 1110 (4th Cir. 1990); United States v. $148, 215.00, 768 F. Supp. 525, 527 (W.D.N.C. 1991) (Potter, J.). Accordingly, the Court **GRANTS** the Government's motion [# 17].

### III.    Conclusion

The Court **GRANTS** the Government's Motion for Default Judgment [# 17]. The Court **DIRECTS** the Clerk to **ENTER** a Default Judgment against the defendant currency. Finally, the Court **ORDERS** that the defendant currency be **FORFEITED** to the United States of America.

Signed: May 8, 2013

Dennis L. Howell
United States Magistrate Judge